Marshall, C. J.
In order that the bench and bar may not misunderstand the scope of this decision, or misconstrue the breadth of the principles herein declared, it is deemed proper to state what this action is and what it is not. While the petition contains an allegation of the relation of parent and child, there is no allegation, nor is there any proof, that the son was engaged in any business or enterprise in which the father was beneficially interested. The' allegations of the petition do not permit any recovery in this case upon the mere basis of the relation of father and child. Even if such a contention were made, it is definitely settled by the former decisions of this court that, in a case where the father is the owner of a machine which is being used by the son solely for the son’s pleasure, there is no liability on the part of the parent on the basis of relationship alone, and that in all such cases it is necessary to establish the further relation of principal and agent, or master and servant, and that claims for damages are governed by the rules applicable to such relations only. This is clearly the pronouncement of this court in the case of Elms v. Flick, 100 Ohio St., 186, 126 N. E. Rep., 66.
Neither is the allegation of the relation of parent and child asserted in this case as the basis of recovery on the ground of the doctrine of “family purpose.” That the rule of liability does not exist on that ground has been settled so far as this court is concerned in the case of Bretzfelder v. Demaree, 102 Ohio St., 105, 130 N. E. Rep., 505. The liability of the owner of an automobile for damages caused by its negligent operation while in the hands of a third party has by the former decisions of this *505 court been placed entirely upon tbe basis of respondeat superior. This court is not, however, committed to the doctrine that liability can only, be based upon that principle. The fact that the cases heretofore passed upon by this court have only dealt with facts and conditions where the persons operating the car were adult persons skilled and experienced in the operation of such machinery ■ has evidently caused some misapprehensions. In: the case at bar this court has for the first time been confronted by the question of the liability of the owner of an automobile for damages upon the allegations that the automobile has been intrusted by him to the care* custody and operation of an incompetent person. If an automobile were classed as a dangerous instrumentality, like a locomotive, firearms, explosives, and similar agencies, the question would be one of little difficulty. The authorities are quite in harmony that if dangerous instrumentalities are intrusted to persons unskilled in their use, or unaccustomed to operate them, and the owner has knowledge of such incompetency, and the person so using such agency, by his negligent operation of the same, causes damage to the persons or property of others, the owner will be held responsible therefor. The authorities are quite uniform that an automobile is not such a dangerous agency, and this court is practically committed to that doctrine. The automobile has become an important factor in our present-day civilization, and under modern modes of living, and it cannot be doubted that it has an important place, not only in the business world, but also in the happiness of the people. It is an important factor in the family life, and while the father *506 owes a moral and ethical obligation to the members of his family to provide for their comfort, convenience, and entertainment, there. is not a legal obligation so to do upon which to predicate' liability of the father for all damages done by. members of his family while using the car solely for their comfort, convenience and enjoyment, unless the same is connected in some way with the business of the father, or directly pursuant to the father’s orders. By reason.of these considerations the courts should not lay down rules whereby owners of cars will fear to lend them to persons competent to use them, and skilled in their use, and there are obvious reasons why owners should even be encouraged to extend such favors, in a proper way, to their fellow beings. On the other hand, it is well known that the numbers of automobiles in everyday use throughout our own state and other states of the Union render the operation of such machines highly dangerous, and that collisions between machines have become alarmingly frequent, with their attendant loss of life and damage to person and property, so that it is apparent that there must be some regulations and safeguards against the operation of machines by persons who are not competent to operate them. While, as before stated, an automobile is not per se a dangerous instrument, it is, on the other hand, by reason of its weight and power and capability of being operated at great speed, an instrument of highly dangerous potentialities, and all who own or use them must be held to the use of reasonable care and caution to avoid injury to all those who are brought in proximity to them. Such instruments are subject to the principle that care must be pro *507 portioned to the danger to he avoided. On the principle that a man must so use his own as not to injure the person or property of another, and following the same course of reasoning, the courts have declared him liable who sets in motion inanimate forces which escape from his control and inflict damage. The petition in this case is not framed upon the theory that the automobile is a dangerous agency per se, but upon the theory that it is an instrument of dangerous propensities and potentialities, and that it was intrusted by the owner to a person who, on account of his youth, lack of skill, and want of experience, was incompetent to operate it. Liability is claimed in this case upon no different theory and upon no different basis than if the automobile had been intrusted to a person of youthful years and inexperience who was not in any way related to the owner.
The pleadings and the proof in this case must be measured not by the rule of the doctrine of respondeat superior, but by the rule of liability for negligence in intrusting the machine to a person alleged to be so young, unskillful, and inexperienced as to render him incompetent to operate it, and upon the further theory that such alleged incompetence of the son was coupled with alleged negligence, resulting in damage to third persons. Upon this theory, quite apart from any consideration of the doctrine of respondeat superior, we have carefully examined the record of the testimony offered by the plaintiff below, and we agree with the Court of Appeals that there was testimony of such character as tended in some degree to support the allegation of the incompetency of Charles Elliott, Jr., and further testi *508 mony tending in some- degree to establish the father’s knowledge thereof; that it was error on the part of the trial court to direct the jury to return a verdict in defendant’s favor at the close of plaintiff’s testimony; and that such testimony should have been submitted to the jury under proper instructions, or, at least, the motion to direct a verdict overruled and the defendant put upon his defense.
Although we have so far discussed this matter upon principle, authority is not lacking to support the views herein expressed. In the case of Gardiner v. Solomon, 200 Ala., 115, 75 So. Rep., 621, L. R. A., 1917F, 380, the following is declared in the syllabus:
“The owner of an automobile is liable for injury inflicted on a pedestrian by an adult son in the use of a machine under circumstances where the doctrine of respondeat superior would not apply, if the son was, to the knowledge of the owner, incompetent to handle the machine with safety.”
From the opinion (200 Ala., at page 117, 75 So. Rep., 623 [L. R. A., 1917F, 380]) we quote:
“While automobiles are not inherently regarded as dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of same, except upon the theory of the doctrine of respondeat superior, yet there is an exception if he intrust it to one, though not an agent or servant, who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality, and the incompetency is known to the owner when permitting the use of the vehicle.”
In Daily v. Maxwell, 152 Mo. App., 415, 133 S. W. Rep., 351, recovery was sought against a father for injuries inflicted by bis son, who was operating the *509 machine with the father’s consent, it being shown that the son was but 16 years of age. In that case the court made the following observation, at page 125 of 152 Mo. App., at page 353 of 133 S. W. Rep.:
“Boys are very apt at learning how to run vehicles of all sorts — more apt than men — and the evidence before us is all to the effect that Ernest was a bright boy and careful, too, for one of his years. But he was only a boy and the jury were entitled to say, from the mere fact that he was only sixteen years old, that he lacked the judgment, discretion and care to be expected of a mature person, and which was essential to the proper and careful operation of a vehicle so powerful as ah automobile.”
It should be stated that other courts in other cases have declared a different doctrine, but we think the principles herein declared sound the safer and more humanitarian doctrine.
Inasmuch as under the conclusions we have reached the cause must be remanded to the court of "common pleas for a new trial, we refrain from any discussion or analysis of the testimony. The testimony of the defendant has not yet been offered, and the cause should be retried uninfluenced by any expressions on the part of this court as to the conclusions which should be reached by the jury upon the testimony of plaintiff’s witnesses adduced at the former trial. The judgment of the Court of Appeals is therefore affirmed.

Judgment affirmed.

Wanamaker, Jones, Day and Allen, JJ., concur.
Matthias, J., concurs in the syllabus, but not in the judgment.